IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv- 03265-MEH

ARTIOM SARKISYAN, LAURA BADASYAN AND SVETLANA SARKISYAN

Plaintiffs,

v.

THE HERTZ CORPORATION, a Delaware Company authorized to do business in Colorado, ACE INSURANCE COMPANY, a Pennsylvania Company authorized to do business in Colorado and CHUBB INDEMNITY INSURANCE COMPANY, a New York Company authorized to do business in Colorado, Defendants

**PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND**

COME NOW the Plaintiffs, Artiom Sarkisyan, Laura Badasyan and Svetlana Sarkisyan, by and through their attorneys, DIBLE LAW FIRM, LLC, and file their Amended Complaint against Defendants The Hertz Corporation, Ace Insurance Company and Chubb Indemnity Insurance Company, and state and allege as follows:

**JURISDICTION AND VENUE**

1.  Plaintiff Artiom Sarkisyan is an individual who is a resident of Colorado with an address of 4230 S. Elkhart Street, Aurora, CO 80014.

2.  Plaintiff Laura Badasyan is an individual who is a resident of Colorado with an address of 4230 S. Elkhart Street, Aurora, CO 80014.

3.  Plaintiff Svetlana Sarkisyan is an individual who is a resident of Colorado with an address of 4230 S. Elkhart Street, Aurora, CO 80014.

4.  Defendant The Hertz Corporation ("Hertz") is a Delaware corporation, which does business throughout Colorado, including but not limited to, Denver County.

5.  Defendant Ace Insurance Company ("Ace") is a Pennsylvania corporation, which does business throughout Colorado, including but not limited to, Denver County.

6.  Defendant Chubb Indemnity Insurance Company ("Chubb") is a New York corporation, which does business throughout Colorado, including but not limited to, Denver County.

7.  This court has jurisdiction over the subject matter of this action and the parties hereto and venue is proper in the County of Denver pursuant to C.R.C.P 98(c).

**GENERAL ALLEGATIONS**

8.  On or about September 17, 2020, Plaintiffs were involved in a motor vehicle collision at or near the intersection of East Hampden Avenue and South Conservatory Parkway in Aurora,

Colorado.

9.      At the time of the collision, Plaintiff Artiom Sarkisyan was driving a 2019 Toyota Corolla, rented from Defendant Hertz Corporation (hereinafter "Hertz"), when a 2003 BMW 7-S driven by an unknown party and owned by Demason Waller, collided with the 2019 Toyota Corolla driven by Artiom Sarkisyan, causing Plaintiffs' vehicle to be struck and injuring the Plaintiffs.

10.     At the time of the collision, Lauira Badasyan and Svetlana Sarkisyan were passenger in the 2019 Toyota Corolla driven by Artiom Sarkisyan.

11.     The driver of the 2003 BMW at the time of the collision fled the scene of the collision and upon information and belief has never been identified.

12.     Plaintiffs were not at fault for causing this collision.

13.     Plaintiffs were not comparatively negligent in causing the September 17, 2020 motor vehicle collision.

14.     At all relevant times, Plaintiffs were insured under a policy they purchased with Defendants Hertz, Ace and Chubb ("the Policy").

15.     The terms of the Plaintiffs' policy with Hertz, Ace and Chubb provided them with $1,000,000 in uninsured/underinsured motorist benefits.

16.     Defendants Hertz, Ace and Chubb were made aware of this loss on October 14, 2020 pursuant to a "letter of representation."

17.     The 2003 BMW 7-S had been insured under an insurance policy with Bristol West Insurance, Policy #G010129286, but this policy was not in effect on September 17, 2020.

18.     Pursuant to their policy with Defendants Hertz, Ace and Chubb, Plaintiff opened a claim for uninsured motorist coverage.

19.     Plaintiff Artiom Sarkisyan presented Defendants Hertz, Ace and Chubb with documentation of his injuries and damages on January 18, 2022 and requested that Defendants evaluate his damages claims and communicate those evaluations with Plaintiff.

20.     Plaintiff Laura Badasyan presented Defendants Hertz, Ace and Chubb with documentation of her injuries and damages on January 18, 2022 and requested that Defendants evaluate her damages claims and communicate those evaluations with Plaintiff.

21.     Plaintiff Svetlana Sarkisyan presented Defendants Hertz, Ace and Chubb with documentation of her injuries and damages on May 30, 2022 and requested that Defendants evaluate her damages claims and communicate those evaluations with Plaintiff.

22.     Upon information and belief, to date Defendants Hertz, Ace and Chubb have not evaluated any of the Plaintiffs' claims for injuries and damages.

23.     Defendants Hertz, Ace and Chubb has not communicated their evaluation of Plaintiffs' claims to the Plaintiffs or their counsel.

24. Defendants Hertz, Ace and Chubb have not advanced any uninsured/underinsured motorist benefits to Plaintiffs to cover damages they incurred as a result of the September 17, 2020 collision.

**25.** Plaintiffs Artiom and Laura Badasyan have been recommended to undergo surgical procedures for injuries associated with the September 17, 2020 collision.

26. Plaintiffs have provided their relevant prior records to Defendants Hertz, Ace and Chubb.

27. Plaintiffs completed recorded statements with Defendants Hertz, Ace and Chubb as requested by Defendants.

28. Despite Plaintiffs' cooperation, Defendants Hertz, Ace and Chubb have unreasonably delayed and denied Plaintiffs' uninsured/underinsured motorist claims by repeatedly asking for information that had previously been provided to Defendants Hertz, Ace and Chubb and its representatives.

**FIRST CLAIM FOR RELIEF**
**(UNINSURED MOTORIST CLAIM AGAINST DEFENDANT HERTZ)**

29. Plaintiffs incorporate by reference all prior allegations as if fully restated herein.

30. Defendant Hertz has refused to evaluate Plaintiffs' claims that they are entitled to recover uninsured motorist benefits under their policy of insurance with Defendant Hertz.

31. Plaintiffs have suffered economic and non-economic losses and damages as a result of the above-described motor vehicle collision.

32. Plaintiff has made numerous requests for their uninsured motorist benefits but Defendant Hertz has failed, or refused, to evaluate Plaintiffs' claims or pay Plaintiffs benefits owed under the contract.

33. Plaintiffs' uninsured benefits are lawfully past due and owing to Plaintiffs.

34. Defendant is legally and contractual required under the Policy to pay compensatory damages to Plaintiffs for any damages they incurred as a result of the September 17, 2020 collision.

**SECOND CLAIM FOR RELIEF**
**(BREACH OF CONTRACT AGAINST DEFENDANT HERTZ)**

35. Plaintiffs incorporate herein all allegations contained in the paragraphs above.

36. Plaintiffs have complied with all conditions precedent to coverage under the Policy issued by Defendant Hertz.

37. Defendant Hertz has failed and refused to evaluate Plaintiffs' claims, properly communicate with Plaintiffs and to pay uninsured motorist benefits to the Plaintiffs.

38. Defendant Hertz's failure and refusal to evaluate Plaintiffs' claim, properly communicate with Plaintiff, and pay underinsured motorist benefits constitutes a breach of contract.

39. As a direct and proximate result of Defendant Hertz's breach of contract, Plaintiffs have incurred damages in an amount to be proved at the time of trial.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT HERTZ
### (BAD FAITH BREACH OF CONTRACT AGAINST DEFENDANT HERTZ)

40. Plaintiffs hereby incorporate the foregoing allegations above as though fully set forth herein.

41. Defendant Hertz at all times owed Plaintiffs a duty of good faith and fair dealing in everything pertaining to the handling of their uninsured motorist benefits.

42. Defendant Hertz at all times owed Plaintiffs a duty to abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

43. Defendant Hertz has breached its duty of good faith and fair dealing owed to Plaintiffs including but not limited to the following:

   a. Failing to give equal consideration to the interests of the Plaintiffs, its insureds;
   b. When investigating Plaintiffs' underinsured motorist benefit claim, Defendant State Farm failed to diligently search for evidence that supported Plaintiffs' claims;
   c. Sought to discover only evidence that defeated Plaintiffs' claims;
   d. Unreasonably delayed and denied benefits under the underinsured motorist policy without a reasonable basis for delaying or denying benefits;
   e. Failing to adopt and implement reasonable standard for prompt investigation of claims arising under the insurance policy;
   f. Refusing to pay claims without conducting a reasonable investigation based upon all available information.
   g. Failing to advance payments for economic losses suffered by the Plaintiffs.
   h. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims;
   i. Forcing Plaintiffs into the costly and lengthy process of litigation;
   j. Any further acts which may be discovered.

44. Defendant Hertz's previously mentioned conduct was unreasonable and Defendant Hertz either knew such conduct was unreasonable, or recklessly disregarded the fact that the conduct was unreasonable.

45. As a direct and proximate results of Defendant Hertz's bad faith breach of contract and its duty of good faith and fair dealing in handling Plaintiff's claim, Plaintiffs have sustained damages in an amount to be proved at trial.

**FOURTH CLAIM FOR RELIEF**
**(VIOLATION OF C.R.S. §10-3-1115 AND C.R.S. §10-3-1116 AGAINST DEFENDANT HERTZ)**

46. Plaintiff hereby incorporates the foregoing allegations above as though fully set forth herein.

47. Defendant Hertz's delay and denial of Plaintiffs' uninsured motorist benefits is unreasonable.

48. Pursuant to C.R.S. §10-3-1116(1), Plaintiffs are entitled to reasonable attorney fees and two times the covered benefit.

**FIFTH CLAIM FOR RELIEF**
**(UNINSURED MOTORIST CLAIM AGAINST DEFENDANTS CHUBB AND ACE)**

49. Plaintiffs incorporate by reference all prior allegations as if fully restated herein.

50. Defendants Chubb and ACE have refused to evaluate Plaintiffs' claims that they are entitled to recover uninsured motorist benefits under their policy of insurance with Defendants Chubb and ACE.

51. Plaintiffs have suffered economic and non-economic losses and damages as a result of the above-described motor vehicle collision.

52. Plaintiffs have made numerous requests for their uninsured motorist benefits but Defendants Chubb and ACE have failed, or refused, to evaluate Plaintiffs' claims or pay Plaintiffs benefits owed under the contract.

53. Plaintiffs' uninsured benefits are lawfully past due and owing to Plaintiffs.

54. Defendants Chubb and ACE are legally and contractual required under the Policy to pay compensatory damages to Plaintiffs for any damages they incurred as a result of the September 17, 2020 collision.

**SIXTH CLAIM FOR RELIEF**
**(BREACH OF CONTRACT AGAINST DEFENDANTS CHUBB AND ACE)**

55. Plaintiffs incorporate herein all allegations contained in the paragraphs above.

56. Plaintiffs have complied with all conditions precedent to coverage under the Policy issued by Defendants Chubb and ACE.

57. Defendants Chubb and ACE have failed and refused to evaluate Plaintiffs' claims, properly communicate with Plaintiffs and to pay uninsured motorist benefits to the Plaintiffs.

58. Defendants Chubb and ACE's failure and refusal to evaluate Plaintiffs' claim, properly communicate with Plaintiff, and pay underinsured motorist benefits constitutes a breach of contract.

59. As a direct and proximate result of Defendants Chubb and ACE's breach of contract, Plaintiffs have incurred damages in an amount to be proved at the time of trial.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT HERTZ**
**(BAD FAITH BREACH OF CONTRACT AGAINST DEFENDANTS CHUBB AND ACE)**

60.    Plaintiffs hereby incorporate the foregoing allegations above as though fully set forth herein.

61.    Defendants Chubb and ACE at all times owed Plaintiffs a duty of good faith and fair dealing in everything pertaining to the handling of their uninsured motorist benefits.

62.    Defendants Chubb and ACE at all times owed Plaintiffs a duty to abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

63.    Defendants Chubb and ACE has breached its duty of good faith and fair dealing owed to Plaintiffs including but not limited to the following:

   a. Failing to give equal consideration to the interests of the Plaintiffs, its insureds;
   b. When investigating Plaintiffs' underinsured motorist benefit claim, Defendants Chubb and ACE failed to diligently search for evidence that supported Plaintiffs' claims;
   c. Sought to discover only evidence that defeated Plaintiffs' claims;
   d. Unreasonably delayed and denied benefits under the underinsured motorist policy without a reasonable basis for delaying or denying benefits;
   e. Failing to adopt and implement reasonable standard for prompt investigation of claims arising under the insurance policy;
   f. Refusing to pay claims without conducting a reasonable investigation based upon all available information.
   g. Failing to advance payments for economic losses suffered by the Plaintiffs.
   h. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims;
   i. Forcing Plaintiffs into the costly and lengthy process of litigation;
   j. Any further acts which may be discovered.

64.    Defendants Chubb and ACE's previously mentioned conduct was unreasonable and Defendants Chubb and ACE either knew such conduct was unreasonable, or recklessly disregarded the fact that the conduct was unreasonable.

65.    As a direct and proximate results of Defendants Chubb and ACE's bad faith breach of contract and their duty of good faith and fair dealing in handling Plaintiff's claim, Plaintiffs have sustained damages in an amount to be proved at trial.

**EIGHTH CLAIM FOR RELIEF**
**(VIOLATION OF C.R.S. §10-3-1115 AND C.R.S. §10-3-1116 AGAINST DEFENDANTS CHUBB AND ACE)**

66.    Plaintiff hereby incorporates the foregoing allegations above as though fully set forth herein.

67.    Defendants Chubb and ACE's delay and denial of Plaintiffs' uninsured motorist benefits is unreasonable.

68.    Pursuant to C.R.S. §10-3-1116(1), Plaintiffs are entitled to reasonable attorney fees and two

times the covered benefit.

WHEREFORE, Plaintiffs, Artiom Sarkisyan Laura Badasyan and Svetlana Sarkisyan, pray for judgment against Defendants Chubb and ACE and Hertz for all general damages, special damages, statutory damages, for all statutory and necessary costs and expenses including, but not limited to costs and expenses incurred or to be incurred regarding expert witness fees and the investigation and discovery required to present, including but not limited to:

A.   Compensatory damages in an amount to be proved at trial as just and adequate compensation for Plaintiffs' injuries, damages and losses sustained as a result of the motor vehicle collision, including, but not limited to, all economic and noneconomic damages they have incurred to the present time and which they will have in the future;

B.   For compensatory damages in an amount to be proved at trial as just and adequate compensation for Plaintiffs' injuries, damages and losses resulting from Defendants' actions and inactions, including, but not limited to, for all economic and non-economic damages including, but not limited to medical expenses, physical pain and suffering, loss of the enjoyment of life, loss of earnings, loss of capacity to perform household work, emotional distress, permanent injury, permanent impairment, permanent scarring, future medical expenses, loss of enjoyment of life and inconvenience;

C.   For interest to the fullest extent provided by law, including moratory, pre- and post-judgment interest pursuant to C.R.S. § 13-21-101 and 5-12-102;

D.   For specific performance of the insurance contract;

E.   For double the covered benefit, costs and attorney fees as provided by Colorado law;

F.   For such other and further relief as this Court deems just and proper.

## **<u>JURY DEMAND</u>**

**PLAINTIFFS DEMAND A TRIAL TO A JURY**

Respectfully submitted this 1st day of February, 2023.

DIBLE LAW FIRM, LLC

*<u>/s/ Michael A. Dible, Esq.</u>*
Michael A. Dible, #34714
Dible Law Firm, LLC
1660 S. Albion St., Suite 311
Denver, CO 80222

Plaintiffs' Address:
4230 S. Elkhart Street
Aurora, CO 80014